UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES R. GRIFFIN,

Movant,

v.                    4:10-CV-108

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court are Movant James Griffin's ("Griffin") Motion for a Certificate of Appealability and Motion for Leave to Proceed *in forma pauperis* on Appeal. *See* Doc. 14; Doc. 17.

### I.   BACKGROUND

Griffin filed his original Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence after the applicable one-year limitations period on had expired. *See* Doc. 2 at 2; Doc. 8. Griffin conceded as much, but argued that the limitations period should be equitably tolled. *See* Doc. 1 at 12-13. Specifically, Griffin argued that his appellate attorney failed to inform him that he had appealed Griffin's conviction and did not respond to phone calls or letters. *See id.* at 12. As a result, Griffin claims he was unable to file his 2255 Motion within the one-year limitations period. *Id.*

The Court evaluated Griffin's tolling argument under the general rule that, in order to justify equitable tolling, a 2255 movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Doc. 2 at 3; Doc. 11 at 2 (citing *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008)).

This Court then rejected Griffin's tolling argument because he failed to allege the requisite "bad faith, divided loyalty, dishonesty, mental impairment or so forth on the lawyer's part," and therefore, had demonstrated no extraordinary circumstance to justify tolling. *See* Doc. 2 at 4-5 (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008)).

After the Court denied Griffin's 2255 Motion, *Holland* was reversed by the Supreme Court. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2563 (2010) (holding that "professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling").

Armed with the Supreme Court's *Holland* decision, Griffin moved the Court to reconsider whether his attorney's conduct merited tolling. *See* Doc. 10 at 5. The Court affirmed its denial on the basis that, regardless of his attorney's conduct, Griffin had "not shown that he exercised the level of diligence in investigating and bringing his claims that is required for a finding of equitable tolling." Doc. 11 at 3.

Griffin now seeks a certificate of appealability ("COA") regarding the denial of his 2255 Motion and requests leave to appeal *in forma pauperis* ("IFP").

## II. ANALYSIS

### A. Motion for Certificate of Appealability

"[W]hen the district court denies a [2255 Motion] on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Here, Griffin's 2255 Motion was dismissed as time-barred and not subject to tolling due to Griffin's lack of diligence. *See* Doc. 11 at 3-4. The Court described in detail the facts that led it to find that Griffin did not diligently pursue his 2255 Motion. *See id.* (noting that Griffin's first inquiry to his lawyer was more than one year after sentencing, that his second inquiry was one year after his first, and that he waited nearly five months to seek equitable tolling after learning that the Eleventh Circuit Court of Appeals had denied his appeal).

In his Motion for COA, Griffin does not contest his delay. *See* Doc. 14 at 8-9. Instead, he states only that, after receiving a docket sheet from the Court of Appeals in December 2009, he requested "additional documents" from the Court of Appeals. *Id.* at 8. Griffin argues that this document request allows "jurists of reason" to "conclude that [he] acted with due diligence in bringing his claim(s)." *Id.* at 9.

Griffin, however, does not allege that the requested documents were necessary to prepare his 2255 Motion. *See id.* at 8-9. He also fails to specify the nature of the documents. *See id.* Although he suggests that the requested documents are attached to the present motion, Griffin has attached only the appellate docket sheet, a payment receipt, a self-made list, and envelopes. *See id.* at 11-22. These documents do not explain the five-month delay between Griffin's receipt of the docket sheet and the filing of his 2255 Motion.

Thus, Griffin's Motion for COA turns on whether reasonable jurists could find that Griffin diligently pursued his 2255 remedies when he: (1) sent only two letters to counsel within a two-year period, (2) waited almost a year to seek information directly from the Court of Appeals, and (3) waited nearly five months, without reason, to file his 2255 Motion. The Court finds that they could not. *See, e.g., Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (movant who "waited more than four months to file his federal habeas petition" was not diligent).

For these reasons, Griffin's Motion for COA is denied.

### B. Motion for Leave to Proceed *In Forma Pauperis* on Appeal

Leave to proceed IFP should be granted unless the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. An issue is frivolous when is appears that the legal theories are indisputably meritless. In other words, an IFP action is frivolous, and thus not brought in good faith, if it is

2

without arguable merit either in law or fact.

*Ghee v. Retailers Nat. Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (internal citations and quotations omitted).

As noted above, reasonable jurists would agree that Griffin was not diligent in pursuing 2255 relief. As such, Griffin's equitable tolling argument is without merit under an objective standard, and his appeal is not taken in good faith. Griffin's Motion to proceed IFP is, therefore, denied.

## III. CONCLUSION

Griffin's Motion for Certificate of Appealability and Motion to Proceed *in forma pauperis* on Appeal are, hereby, ***DENIED***.

This 26th day of October 2010.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA